# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

KATHALINA MONACELLI,

        **Plaintiff,**

-vs-                                          Case No. 2:09-cv-137-FtM-29DNF

WACHOVIA CORP., BENJAMIN
JENKINS, and GRACELIA BRANNON,
VP RELATIONS,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| |
|---|
| **MOTION:**    **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (Doc. No. 6)** |
| **FILED:**    March 10, 2009 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. |

    On March 5, 2009, the Plaintiff filed a Complaint (Doc. 1) and Application to Proceed Without Prepayment of Fees or Costs (Doc. 2). The Plaintiff is requesting leave to proceed without the prepayment of filing fees. The Court reviewed the Plaintiff's initial Complaint (Doc. 1) and entered an Order (Doc. 4) on March 17, 2009, requiring the Plaintiff to file an Amended Complaint. She failed to file the Amended Complaint. In the Order, the Court cautioned the Plaintiff that if she failed to file

an Amended Complaint within the time provided, the Court would recommend that her action be dismissed.

The Court explained in its prior Order that when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915.

In the Complaint, the Plaintiff claims that she is filing an action based on civil rights violations, antitrust violations, and Americans with Disabilities Act violations regarding her employment opportunities. The Plaintiff claims that the Defendants have discriminated against her in employment. She asserts that the Defendants have "redlined" her from obtaining employment due to her geographic address. In Count I, the Plaintiff claims that the Defendants and their co-conspirators have unreasonably restrained trade in violation of Sections 1 and 2 of the Sherman Act. In Count II, the Plaintiff claims that the Defendants have discriminated against women and other minorities in their hiring practices in violation of the Civil Rights Act. In Count III, the Plaintiff alleges that the Defendants have violated the Americans With Disabilities Act by discriminating against the Plaintiff who is perceived to have the impairment of deafness, even though no impairment actually exists.

In Count I, the Plaintiff alleges a violation of the Sherman Act. "'[T]he purpose of the [Sherman] Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market. The law directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself. It does so not out of solicitude for private concerns but out of concern for the public interest.'" *Spanish Broadcasting*

*System of Florida., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1070 (11th Cir. 2004) (quoting *Spectrum Sports, Inc. v. McMillan*, 506 U.S. 447, 459 (1993)). The Plaintiff failed to allege a cause of action under the Sherman Act.

In Count II, the Plaintiff alleges a violation of the Civil Rights Act, claiming that the Defendants failed to hire women and other minorities. The Plaintiff has not shown the elements of discrimination. Specifically, she must allege "'(1) that she was a member of a protected class, (2) that she was qualified for the job, (3) that she suffered an adverse employment action, and (4) that she was displaced by someone outside the protected class.'" *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 828 (11th Cir. 2000)). Therefore, the Plaintiff has failed to state a cause of action for discrimination.

In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by discriminating against her based upon having an impairment when no impairment actually exists. To establish a claim under the Americans With Disabilities Act, the Plaintiff must show that she "'(1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [her] disability.'" *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citing *Cash v. Smith,* 231 F.3d 1301, 1305 (11th Cir. 2000)). An individual is considered disabled if her employer perceives her as having a disability, even if there is no factual basis to support that perception. *Luna v. Walgreen Co.*, 575 F.Supp. 2d 1326, 1334 (S.D. Fla. Aug. 22, 2008). In the instant case, the Plaintiff has failed to allege the elements of a claim under the Americans With Disabilities Act.

The Plaintiff has failed to allege a cause of action upon which relief may be granted. Further, the Plaintiff did not comply with the Order (Doc. 4) dated March 17, 2009, requiring her to file an

Amended Complaint. Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis*/ Affidavit of Indigency (Doc. 2) be denied and this action be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __24th__ day of April, 2009.

*signature*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record